**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Erik McNeice,<br><br>　　　Plaintiff,<br><br>v.<br><br>Quincy Credit Union;<br>Equifax Information Services, LLC;<br>Experian Information Solutions, Inc.; and<br>TransUnion, LLC,<br><br>　　　Defendants. | Case No.: |

# COMPLAINT

## INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff is an individual residing in Bristol County, MA.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Quincy Credit Union is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

10. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

11. Defendant TransUnion, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

12. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. In or about June 2020, Plaintiff reached settlement agreements with Quincy to settle his alleged debts—one for an account ending 0102 with an alleged balance of $8,901.55, and another for an account ending 6579 with an alleged balance of $6,026.14.

14. Plaintiff timely paid all settlement payments under the agreements, making the final ones in January 2021.

15. At that time, the accounts were satisfied in full, and there was no balance due and owing.

16. In or around October 2022, Plaintiff checked his credit reports and noticed that Quincy was reporting inaccurate information regarding the accounts.

17. Specifically, Quincy reported that the accounts were still delinquent with past due balances owing.

18. The false information regarding the accounts appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

19. Equifax, Experian, and TransUnion published the false information regarding the accounts to third parties.

### WRITTEN DISPUTE

20. On or about October 20, 2022, Plaintiff sent a written letter to Equifax, Experian, and TransUnion disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

21. Upon information and belief, Equifax, Experian, and TransUnion each forwarded Plaintiff's dispute to Quincy for reinvestigation.

22. Upon information and belief, Quincy received notification of Plaintiff's dispute from Equifax, Experian, and TransUnion.

23. Quincy failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

24. Equifax, Experian, and TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Quincy failed to instruct Equifax, Experian, and TransUnion to correct the false information reporting on Plaintiff's consumer report.

26. Equifax, Experian, and TransUnion each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

27. Equifax, Experian, and TransUnion each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

28. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

### **COUNT I – Quincy**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

29. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

30. After receiving Plaintiff's dispute, Quincy failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

31. Quincy violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

32. As a result of this conduct, action, and inaction of Quincy, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

33. Quincy's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

34. In the alternative, Quincy was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

35. Plaintiff is entitled to recover costs and attorneys' fees from Quincy pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – Equifax, Experian, and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

36. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

37. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion each failed to correct the false information reporting on Plaintiff's consumer report.

38. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

39. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

41. In the alternative, Equifax, Experian, and TransUnion each was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Equifax, Experian, and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

43. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

44. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion each failed to correct the false information reporting on Plaintiff's consumer report.

45. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

46. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

48. In the alternative, Equifax, Experian, and TransUnion each was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: May 30, 2023

                RESPECTFULLY SUBMITTED

                Erik McNeice

                /s/Leslie Feldman-Rumpler
                Leslie Feldman-Rumpler
                Attorney at Law
                4 Cypress Street, Suite 7
                Brookline, MA 02445
                (617) 728-9944
                leslie@feldmanrumplerlaw.com

                Local counsel for

                McCarthy Law, PLC
                4250 North Drinkwater Blvd, Suite 320
                Scottsdale, AZ  85251
                Telephone: (602) 456-8900
                Fax: (602) 218-4447
                litigation@mccarthylawyer.com

                Attorney for Plaintiff